**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Mansfield, | ) | No. CV09-2355 PHX DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| ER Solutions, Inc., | ) | |
| Defendant. | ) | |

Pro se Plaintiff Richard Mansfield filed this action in West Mesa Justice Court. Defendant ER Solutions, Inc. removed the action to this Court on November 10, 2009. On November 18, 2009, the Court issued an Order Setting Rule 16 Case Management Conference. Dkt. #8. The order required the parties to meet and confer in preparation for a case management conference, and placed the obligation on Plaintiff to initiate such discussions. *Id.* at 4.

Despite this order, Plaintiff did not initiate case management discussions, nor did he respond when Defendant attempted to initiate such discussions. As Defendant's subsequent filing indicates, Defendant attempted to place a telephone call to Plaintiff, but found that his phone had been disconnected. Defendant's counsel then sent Plaintiff a letter summarizing the information contained in this Court's order, and suggesting a date for the parties to meet and confer. Counsel for Defendant provided Plaintiff with a toll-free number for the purpose of this conference call, but Plaintiff did not respond to the letter and did not participate in the conference call. Defense counsel again attempted to contact Plaintiff by telephone, but

learned again that the number had been disconnected. As a result of these unsuccessful efforts, Defendant filed a case management plan on its own. Dkt. #10.

The case management conference was held as scheduled on January 8, 2010. Plaintiff failed to appear. Defense counsel explained during the conference that he had received a telephone call from Plaintiff in late December. Plaintiff said he was attempting to retain counsel and either he or his counsel would be at the case management conference. Neither appeared.

On January 12, 2010 this Court entered an order requiring Plaintiff to file a memorandum explaining why he has failed to comply with the Court's orders. Dkt. #14. Plaintiff was warned that if he failed to file the required memoranda and show cause for his failure to comply with the rules of the Court, this case would be dismissed for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has failed to file the memorandum required by the January 12, 2010 order.

In determining whether a plaintiff's failure to prosecute warrants dismissal under Rule 41(b), a district court must weigh five factors: "'(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Because Plaintiff has refused to prosecute this case and follow the Court's orders, the first three factors favor dismissal. The fourth factor, as always, weighs against dismissal. Applying the fifth factor, the Court has considered less drastic sanctions than dismissal, but Plaintiff has made clear that he will not comply with the Court's orders even when warned that dismissal will result. No sanction short of dismissal will result in Plaintiff's compliance. Considering all five factors, dismissal under Rule 41(b) is warranted.

1     **IT IS ORDERED** that this case is dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk shall terminate this action.

DATED this 3rd day of February, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge